## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  16-cv-1141 |
| | ) | |
| BARBARA JO GHISELIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER & OPINION

This matter is before the Court on Defendant Barbara Jo Ghiselin's ("Ghiselin") motion for leave to proceed in forma pauperis (Doc. 2) and Plaintiff Ocwen Loan Servicing, LLC's ("Ocwen") motion to remand. (Doc. 4). For the reasons presented below, both motions are granted.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a foreclosure case that originated in Peoria County Circuit Court. According to the Complaint, Ghiselin obtained a mortgage in the amount of $44,000 for the purchase of real estate from First National Bank on December 26, 2008. (Doc. 1-1 at 1.) The mortgage was recorded on January, 2, 2009. (*Id.* at 1.) Ghiselin has been delinquent on her monthly payments since December 2010. (*Id.* at 2.) Ocwen alleges that it is the current holder of the mortgage note. (*Id.* at 1.) It filed its complaint for foreclosure against Ghiselin on April 18, 2011 and properly served her on April 20, 2011. (Doc. 4-2 at 1.) Ghiselin filed a notice of removal with this Court on May 10, 2016, and moved to proceed in forma pauperis at the same time. Ocwen

timely filed its Motion to Remand on June 8, 2016. (Doc. 4), to which Ghiselin filed an untimely response on July 14, 2016. (Doc. 11).

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Before addressing Ocwen's motion to remand, the Court considers whether Ghiselin can proceed without paying the $400 filing fee. In support of her motion to proceed without paying the fee, Ghiselin states under penalty of perjury that she has $2.86 in a checking or savings account, that she earns $831 in pay or wages each month, and that she receives $450 per month in rent payments. She further states that she has $426 in monthly expenses, and no dependents.

"The privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Courts have sometimes used the Federal Poverty Guideline as a threshold for determining whether to allow a civil plaintiff to proceed without payment of fees. *See Hernandez v. Dart*, 635 F.Supp.2d 798, 805 (N.D. Ill. 2009); Annual Update of the HHS Poverty Guidelines, 81 Fed. Reg. 4036 (Jan. 25, 2016).

Ghiselin earns approximately $15,372 per year, which is $3,492 more per year than the 2016 guideline for a family of one. Despite the fact that Ghiselin earns more than the federal poverty level, her application reveals that she does not currently have the funds necessary to pay the $400 filing fee. The Court in its discretion grants her leave to proceed without the prepayment of costs.

## LEGAL STANDARDS

A defendant may remove a civil action to federal court if the action is within the federal court's original jurisdiction. 28 U.S.C. § 1441. "The removing party has the burden of establishing that removal is proper, and any doubt regarding jurisdiction should be resolved in favor of remand." *Kuznar v. Kuznar*, 954 F. Supp. 2d 761, 764 (N.D. Ill. 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)). Plaintiffs may seek to remand cases for a lack of subject matter jurisdiction at any time before final judgment has been rendered. 28 U.S.C. § 1447. A motion to remand due to a defendant's failure to comply with the removal statutes must be made within thirty days after the defendant has filed a notice of removal. *Id.*

## DISCUSSION

In its motion to remand, Ocwen argues that Ghiselin's notice of removal is fatally deficient in a number of ways: it is untimely, it fails to establish federal court jurisdiction, and it is procedurally deficient. Ocwen further argues that the Court should award it attorneys' fees and costs incurred as a result of the removal. The Court concludes both that the case must be remanded and that Ocwen is entitled to attorneys' fees and costs.

### A. Removal Defects

### 1. Timeliness

Ocwen first challenges the timeliness of Defendant's removal. A defendant seeking to remove a case to federal court must ordinarily file its notice of removal within 30 days after being served with the original complaint. 28 U.S.C. § 1446(b). If at first, the case is not removable, a notice of removal may be filed after the defendant

3

receives a copy of an amended pleading, motion, or other paper that establishes that the case has become removable. *Id.* "The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

Ghiselin's notice of removal is untimely. She filed it on May 10, 2016, which is over five years after Ocwen served her with the complaint on April 20, 2011. As discussed below, the action was not removable at the time that Ocwen filed the complaint, and no subsequent developments in the case rendered it removable. The notice of removal is clearly past the allowable 30-day limit under § 1446 and is therefore untimely. *See* 28 U.S.C. § 1446(b).[1]

## 2. Subject-Matter Jurisdiction

To be removable, the action must be within the original jurisdiction of the district court. 28 U.S.C. § 1441. This action must be remanded because Ghiselin's notice of removal fails to establish that the Court has subject-matter jurisdiction.

### A. Federal Question Jurisdiction

Ghiselin's primary basis for seeking removal seems to be her belief that the foreclosure action implicates constitutional questions. The notice of removal takes issue with the "constitutionality of the current Illinois statutory scheme governing

---

[1] Ocwen also argues that Ghiselin waived her right to removal by substantively participating in the foreclosure action in state court. There is some authority in this circuit that a defendant who seeks to affirmatively dispose of a case in state court rather than simply defend against a plaintiff's claims waives her right to removal. *See Fate v. Buckeye State Mut. Ins. Co.*, 174 F. Supp. 2d 876, 882 (N.D. Ind. 2001). In this case, Plaintiff's waiver argument is too underdeveloped to determine whether Defendant might have waived her ability to remove the case.

foreclosure proceedings" and notes that she intends to file an "imminently pending 42 U.S.C. § 1983" action. (Doc. 1 at 3). She also argues that the state court has denied her "recognized affirmative defenses and due process consideration." (*Id.* at 5). These concerns, however, do not provide the Court with federal question jurisdiction.

"The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co v. Mottley*, 211 U.S. 149, 152 (1908)). A plaintiff is the "master of the complaint" and the well-pleaded complaint rule allows him, "by eschewing claims based on federal law, . . . to have the cause heard in state court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).

A defendant may remove a case only on the basis of claims brought against it and not on the basis of defenses or counterclaims asserted by it. *Mortg. Elec. Registration Sys., Inc. v. Rothman,* No. 04 C 5340, 2005 WL 497794, at *5 (N.D.Ill. Feb.28, 2005) (citing 14C Charles Alan Wright & Arthur R. Miller, & Edward H. Cooper, Fed. Prac. & Proc. Juris. § 3733 (3d ed.)). A challenge to the constitutionality of the current Illinois statutory scheme is a federal defense, and federal defenses cannot be used to establish federal question jurisdiction. *See Caterpillar Inc.,* 482 U.S. at 393 ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . ."). Had Ghiselin filed the § 1983 claim that she insists is forthcoming as a counterclaim in the state court action, that also would not have

5

rendered the case removable. *See Holmes Group Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Additionally, there is no authority that allows a yet-to-be-filed § 1983 claim to serve as the basis of a federal question for removal purposes. To the extent that such a claim would be stated against Plaintiff, it logically follows that a § 1983 claim filed in federal court could not provide a basis for removing the state court complaint because the § 1983 claim could have been asserted as a counterclaim, and such a counterclaim cannot serve as a basis for removal.

For these reasons, the Court does not have subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**B. Diversity Jurisdiction**

Ghiselin's notice of removal does not include any allegations suggesting that the Court would have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Two independent reasons would prevent Ghiselin from removing this case based on diversity jurisdiction. First, a defendant may not remove a case based on diversity jurisdiction if the defendant is a citizen of the state in which the action was brought. 28 U.S.C.§ 1441(b). Ghiselin is a citizen of Illinois, and Ocwen filed the foreclosure action in Illinois state court, so she is prevented from removing the case on this basis. *See id.* Second, "no case . . . may be removed from state to federal court based upon diversity of citizenship 'more than 1 year after commencement.'" *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (quoting 28 U.S.C. § 1446(b)). As this case was commenced more than five years ago, § 1446(b) would prevent removal based on diversity jurisdiction.

**3. The Notice is Procedurally Deficient**

6

Ocwen next argues that Defendant's notice of removal is procedurally deficient because she failed to attach a copy all process, pleadings, and orders served upon her in the state court action. *See* 28 U.S.C. § 1446(a). However, "failure to attach all documents is not jurisdictional and will not result in remand so long as sufficient documents are attached to show that basis for jurisdiction." *See Boxdorfer v. DaimlerChrysler Corp.*, 396 F. Supp. 2d 946, 951 (C.D. Ill. 2005). In light of this, Ghiselin's failure to attach all of the process, pleadings, and orders does not provide an independent basis for remanding this case.

4. **Attorney's Fees & Costs**

Finally, Ocwen requests attorney's fees and costs incurred as a result of the removal action. Pursuant to 28 U.S.C. § 1447(c), a court may award reasonable fees if a defendant lacks objectionably reasonable grounds for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Seventh Circuit has held that a court may award plaintiff's attorneys' fees only if clearly established law demonstrates the defendant has no basis for removal. *Lott v. Pfizer, Inc.*, 492 F. 3d 789, 792 (7th Cir. 2007).

"The law on timeliness of removal was clearly established" at the time that Ghiselin filed her notice of removal. *See DC Liquidators, LLC v. Warehouse Equipment Specialists, LLC*, Case No. 14 C 7222, 2015 WL 1502945, at *2 (N.D. Ill. March 27, 2015). Section 1446(b) is unequivocal in its statement that a party has thirty days from a suit's commencement to file a removal, and Ghiselin waited over five years to file her notice. Her belief that she could file her notice of removal so late in the game is not objectively reasonable.

7

Ghiselin's basis for seeking removal was also not objectively reasonable. She made no effort to establish that Ocwen's state law foreclosure claim was actually a federal question over which the Court would have subject-matter jurisdiction. Instead, she sought removal on the basis of a variety of defenses to the foreclosure action and the possibility of a future § 1983 claim. As discussed above, it is clearly established that defenses and counterclaims cannot serve as the basis for federal question jurisdiction. *See Caterpillar Inc.,* 482 U.S. at 393; *Holmes Group Inc.*, 535 U.S. at 830.

As Ghiselin lacked an objectively reasonable basis for removing the case, Ocwen is entitled to reasonable attorneys' fees.

## Conclusion

For the reasons stated above, Defendant's motion to proceed in forma pauperis (Doc. 2) is GRANTED and Plaintiff's motion to remand (Doc. 4) is GRANTED. All other pending motions are DENIED AS MOOT. This case is remanded to the Peoria County Circuit Court. Plaintiff is directed to file a petition for attorneys' fees and costs within fourteen days of entry of this order.

Entered this 22nd day of July, 2016.

s/Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge